United States District Court
Southern District of Texas
**ENTERED**
November 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TK TRAILER PARTS, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-cv-2864 |
| BILL R. LONG & AARON JOHNSON D/B/A JOHNSON TRAILER PARTS, | § § § § | |
| *Defendants.* | § § | |

## MEMORANDUM & RECOMMENDATION

This matter is before the Court on Plaintiff TK Trailer Parts, LLC's Motion to Remand.[1] Dkt. 3. Having considered the pleadings, the parties' arguments, and the law, the Court **RECOMMENDS** TK Trailer Parts' Motion to Remand be **GRANTED** and this case be **REMANDED** to the 278th Judicial District Court of Madison County, Texas.

### I. BACKGROUND

This suit involves allegations that Defendant Aaron Johnson D/B/A Johnson Trailer Parts ("Johnson") unlawfully copied and sold designs and parts owned by Plaintiff TK Trailer Parts, LLC ("TK"). Dkt. 1-2 ¶¶ 8-13. TK contends it owns the designs and parts at issue pursuant to an Entity Purchase Agreement dated February 8, 2018, by which TK purchased Master Plans & Designs, Inc. ("Master") and all of its intellectual property. *Id.* ¶ 8. Defendant Bill Long ("Long"), the original founder of Master, was the sole shareholder of Master before Master was purchased

---

[1] This case was referred from United State District Court Judge Sim Lake to the undersigned on August 24, 2020 pursuant to 28 U.S.C. § 636(b)(1)(A)-(B) for full pre-trial management. Dkt. 5.

1

by TK.² Dkt. 1-4 at 1; Dkt. 1-5 at 19. TK alleges that Johnson purchased trailer parts and marketing designs from Master and/or Long (presumably prior to TK's purchase of Master), but did not obtain the right to "sell, lease, license, or otherwise transfer or convey" copies of the parts and designs or use the likeness of the materials. Dkt. 1-2 ¶¶ 9. TK contends that Johnson has wrongfully used, copied, and marketed the materials and their likeness, "including, but not limited to, photographs, descriptions, technical designs, and marketing materials" without permission from the rightful owner, TK. *Id.* ¶ 10.

TK filed its Original Petition in Madison County, Texas on January 4, 2019 and Johnson was served on January 11, 2019. Dkt. 1-2 at 1-8; Dkt. 1-7 at 4. TK's Petition includes claims for misappropriation and injunctive relief against Johnson based on his alleged misappropriation, duplication, and sale of the parts and designs. Dkt. 1-2 ¶¶ 15-29. TK's Petition also requests a declaratory judgment regarding construction of (1) the contract for the sale of the parts and designs to Johnson; (2) the Entity Purchase Agreement between Master and TK; and (3) the Services Agreement between Long and TK. *Id.* ¶ 14. According to TK's Original Petition, TK is a Texas corporation, Long is a citizen of Texas, and Johnson is a citizen of Arizona. *Id.* ¶¶ 1-3.

On July 14, 2020, Johnson filed a Motion for Summary Judgment in state court, arguing TK's state law misappropriation claim constitutes a claim arising under the Copyright Act for which exclusive jurisdiction rests in federal court. Dkt. 1-5 at 1-5. TK filed an Amended Petition the same day, which did not differ from the Original Petition except to add a claim for unjust enrichment against Johnson. Dkt. 1-3 ¶¶ 1-8.

---

² Long and TK allegedly entered into a Personal Services Agreement contemporaneously with the Entity Purchase Agreement, but the Agreement has not been attached to any pleading, motion or response and, therefore, is not before the Court. Dkt. 1-5 at 22.

2

The parties attended an unsuccessful mediation on July 15, 2020 during which Johnson alleges he was informed for the first time that Long is an employee of TK. Dkt. 1 ¶ 3. On the same day, Johnson contacted the Madison County District Clerk's office and discovered that Long had never answered the lawsuit despite being served on January 19, 2020. *Id*. ¶ 5; Dkt. 1-6 at 1. Johnson also learned as of July 15, 2020, that TK had not sought a default judgment against Long. Dkt. 1 ¶ 5. Johnson subsequently conducted a Google search on or around July 22, 2020 and discovered from TK's website that Long is employed by TK and is part of TK's marketing campaign. *Id*. ¶ 4. Johnson argues that on July 15, 2020, he received "both oral and written confirmation that not only had [TK] wholly abandoned its claims against [Long] but, in fact, [Long] had never been a real party to the litigation (being an employee of [TK]). It was apparent on this date that [Long] had been added solely to defeat diversity jurisdiction." *Id*. ¶ 6.

Johnson filed a Notice of Removal in the Southern District of Texas asserting federal diversity jurisdiction and federal question jurisdiction on August 14, 2020, approximately 589 days after TK filed its Original Petition and 582 days after Johnson was served. Dkt. 1 at 1-5; Dkt. 1-7 at 4. Johnson alleges diversity jurisdiction based on (1) an amount in controversy of over $75,000 and (2) complete diversity once Long's citizenship is disregarded due to his improper joinder. Dkt. 1 ¶ 7. While the Notice of Removal focuses mainly on allegations of diversity jurisdiction and improper joinder, Johnson also alleges federal question jurisdiction, contending that all of TK's state law claims arise under the Copyright Act and the federal court maintains exclusive jurisdiction over them. *Id*. ¶ 11. TK filed the pending Motion to Remand on August 19, 2020 challenging the timeliness of Johnson's Notice of Removal. Dkt. 3.

## II. ANALYSIS

Federal jurisdiction is limited. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). Johnson, as the party invoking this Court's removal jurisdiction, bears the burden of establishing the existence of federal jurisdiction. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). Not only must Johnson establish federal jurisdiction, he must demonstrate that he complied with the procedure for proper removal to federal court. *See Delgado v. Shell Oil Co.*, 890 F. Supp. 1324, 1341 (S.D. Tex. 1995) (quoting *Albonetti v. GAF Corporation-Chemical Group*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)) ("When considering a motion to remand the removing party bears the burden of showing that removal was proper. 'This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.'").

### A. Johnson's removal based on federal question jurisdiction was untimely.

In addition to alleging diversity jurisdiction, Johnson alleges federal question jurisdiction in the Notice of Removal, arguing that TK's "claims against [Johnson] are really copyright infringement claims, creating federal jurisdiction under 28 U.S.C. § 1441(a) / 28 U.S.C. § 1331[.]" Dkt. 1 ¶ 11. Federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Removal pursuant to § 1331 is proper when a federal question is presented on the face of a properly pleaded complaint in accordance with the "well-pleaded complaint rule." *Synergy Industries, LP v. Nat'l Oilwell Varco, LP*, Case No. 4:18-CV-1968, 2018 WL 8808056, at *1 (S.D. Tex. Nov. 9, 2018) (citations omitted). The well-pleaded complaint rule provides that a plaintiff is the master of her claims and may avoid federal jurisdiction by pleading only state law claims. *Id.* However, "[w]hen [a] federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope

of that cause of action, even if pleaded in terms of state law, is in reality based on federal law[,] [and is] removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court." *Id.* (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). The Court need not determine definitively whether TK's misappropriation claim is preempted by the Copyright Act and assumes for purposes of the Motion to Remand that the claim is preempted and, therefore, subject to removal.[3] Even assuming federal question jurisdiction exists, Johnson's removal was untimely, and remand is required.

Johnson bears the burden to demonstrate he has complied with the requirements of the removal statutes. *See Delgado v. Shell Oil Co.*, 890 F. Supp. at 1341 (quotations omitted) (explaining the removing party's burden includes demonstrating compliance with the requirements of the removal statute). Although Johnson filed the Notice of Removal 582 days from the date he was served and long after the thirty-day window for removal under § 1446(b), he argues that removal of the copyright claim was timely under 28 U.S.C. § 1454(b)(2). Section 1454 applies to removal of cases involving patents, plant variety protection, and copyrights, and § 1454(b) provides that "removal of an action under this section shall be made in accordance with section

---

[3] A state law claim is preempted by the Copyright Act when the claim (1) falls within the subject matter of copyright and (2) seeks to protect rights in that property that are equivalent to any of the exclusive rights within the general scope of copyright. *Synergy Industries*, 2018 WL 8808056, at *1. TK's misappropriation claim alleges that Johnson duplicated and transferred designs and parts belonging to TK without permission and for a profit. "[D]esign drawings themselves are undoubtedly within the scope of copyright protection." *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 845 F.3d 652, 656 (5th Cir. 2017) (citations omitted); *M-I, LLC v. Stelly*, 733 F. Supp. 2d 759, 782 (S.D. Tex. 2010) ("Several courts have found that technical drawings and designs fall within the subject matter of copyright."). With respect to the second prong of the copyright preemption test, the Fifth Circuit has held on multiple occasions that a Texas state law claim for unfair competition by misappropriation does not afford protection materially different from that of federal copyright law. *See Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 845 F.3d at 657 ("We have previously held that Texas's unfair competition by misappropriation action does not afford protection materially different from federal copyright law."); *Motion Med. Techs,. LLC v. Thermotek, Inc.*, 875 F.3d 765, 775 (5th Cir. 2017) (internal quotations omitted) ("We have twice held that Texas's unfair-competition-by-misappropriation tort does not afford protection qualitatively different from federal copyright law. We do so again here."); *M-I LLC v. Stelly*, 733 F. Supp. 2d at 784-85 (finding the plaintiff's misappropriation claim alleging defendant used design drawings to make a competing product without permission was preempted by copyright law). TK's state law misappropriation claims likely are preempted by federal law and the case likely was removable under § 1441(b).

1446, except that if the removal is based *solely* on this section-- . . . the time limitations contained in section 1446(b) may be extended at any time for cause shown." 28 U.S.C. § 1454(b)(2) (emphasis added).

Johnson cannot avail himself of an extension of the thirty-day window "for cause shown" under § 1454(b)(2) because his Notice of Removal was not based *solely* on § 1454. Johnson's Notice of Removal spends ten of eleven paragraphs arguing for removal based on diversity jurisdiction, which he contends only became apparent to him in July 2020. Dkt. 1 ¶¶ 1-10. The eleventh and final paragraph of his Notice of Removal argues for removal based on federal question jurisdiction and the extended timeline under § 1454(b)(2). *Id*. ¶ 11. The face of his Notice of Removal precludes an extension of his removal timeline under § 1454(b)(2) for cause shown. Thus, removal based on copyright preemption was untimely.

Even were the court to ignore the allegations of diversity jurisdiction in the Notice of Removal and find that Johnson had removed the case solely under § 1454, he still has failed to demonstrate cause that would justify an extension of the thirty-day window for removal under § 1454(b)(2).[4] Johnson's Notice of Removal argues only that "[a]ll of Plaintiff's claims, although pled as state law claims, are actually claims for alleged copyright infringement regarding pictures and designs which the Texas state court lacks jurisdiction to adjudicate." Dkt. 1 ¶ 11. The allegations that Johnson misappropriated parts and designs belonging to TK have remained

---

[4]Section 1454 does not define cause and authority interpreting the provision is sparse. *Hill Country Trust v. Silverberg*, 1:18-CV-635-RP, 2018 WL 6267880, at *8 (W.D. Tex. Nov. 28, 2018). Texas district courts analyzing cause look to Federal Rule of Civil Procedure 6(b)(1)(B) for guidance. *Recif Resources, LLC v. Juniper Capital Advisors, LP*, Civil Action No. H-19-2953, 2019 WL 5457705, at *2 (S.D. Tex. Oct. 24, 2019) (citing *Hill County Trust v. Silverberg*, 2018 WL 6267880, at *8 (listing cases)). Rule 6(b)(1)(B) permits a court to extend a deadline for good cause if the party seeking the extension failed to act due to "excusable neglect." FED. R. CIV. P. 6(b)(1)(B). Factors to be considered in determining whether excusable neglect exist include (1) the potential prejudice to the other parties, (2) the length of delay and impact on the proceedings, (3) the reason for the delay and whether it was in the control of the movant, and (4) whether the movant acted in good faith. *Salts v. Eps*, 676 F.3d 468, 474 (5th Cir. 2012) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165).

unchanged since Johnson was served with the Original Petition in January 2019. As noted by TK, Johnson's own argument demonstrates that the basis for removal based on copyright preemption was apparent from the inception of the lawsuit. Dkt. 3 ¶ 4. Still, Johnson never attempted to remove the case to federal court until 582 days after he was served. Furthermore, emails presented by Johnson demonstrate that he believed as early as August 9, 2019 that TK's misappropriation claim arose under the Copyright Act. Dkt. 9-2 at 9 ("[T]his case appears to be some sort of half-baked copyright claim[.]"). Yet, Johnson has provided no explanation for why he failed to file a Notice of Removal under § 1454 until over a year later.

In response to the Remand Motion, Johnson argues his removal deadline should be extended because (1) TK's pleadings "have always been rather opaque" regarding the claims against Johnson; (2) Johnson believed until the July 15, 2020 mediation that "the real dispute in this matter would ultimately be between [Long and TK]"; (3) the parties agreed to mediate the case within 11 days of Johnson receiving TK's discovery responses, which demonstrated the federal or copyright nature of TK's claims; (4) Johnson "expected at the mediation the parties would come to realize [Johnson] was not the appropriate Defendant in this matter"; (5) Johnson did not learn until mediation that Long was a "fraudulent Defendant who had been abandoned"[5]; and (6) "[A]lmost nothing has been done in this case since [Johnson] generally appeared, besides the exchanging of written discovery and attending of a mediation[.]" Dkt. 9 ¶ 3. These arguments provide no justification for why Johnson failed to remove the case based on copyright preemption for over 500 days. In summary, even if Johnson had removed the case based solely on § 1454, he failed to show cause for an extension of the removal deadline for federal question jurisdiction.

---

[5] Johnson's alleged late discovery of the improper joinder of Long and the existence of diversity jurisdiction have no bearing on Johnson's failure to timely remove the case based on federal jurisdiction arising from preemption of the misappropriation claims by the Copyright Act.

7

### B. Johnson's removal based on diversity jurisdiction also was untimely.

Federal courts have original jurisdiction over all civil actions where (1) the amount in controversy exceeds $75,000, and (2) the controversy is between citizens of different states, meaning the citizenship of all persons on one side of the controversy differ from that of all persons on the other side. 28 U.S.C. § 1332(a)(1); *Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 355-56 (5th Cir. 2017) (citations omitted). A civil action removable solely based on diversity may not be removed if any defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). Improper joinder is a narrow exception to the requirement of complete diversity which allows federal courts to disregard the citizenship of defendants who are deemed "improperly joined." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (quotations omitted); *Soin v. JPMorgan Chase Bank*, Civil Action No. H-12-2766, 2012 WL 6018746, at *1 (S.D. Tex. Nov. 29, 2012) (citations omitted). Improper joinder exists where (1) there is "actual fraud in the plaintiff's pleading of jurisdictional facts" or (2) the removing defendant demonstrates that the plaintiff cannot establish a cause of action against an in-state defendant. *Soin v. JPMorgan Chase Bank*, 2012 WL 6018746, at *1 (citing *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (quotations omitted)). Johnson does not allege actual fraud and, therefore, only the second type of improper joinder is at issue. As the removing party, Johnson bears the heavy burden of proving improper joinder. *Cola v. Dow Chemical Co.*, Civil Action No. 3:19-CV-00199, 2019 WL 5558247, at *2 (S.D. Tex. Oct. 1, 2019), *adopted by* 2019 WL 5558065 (S.D. Tex. Oct. 28, 2019) (citations omitted). The Court must resolve any contested factual issue or ambiguity of state law in favor of remand. *Id.* (citations omitted).

### 1. Assuming Long was improperly joined, Johnson failed to remove the case within the time limit for removal based on diversity jurisdiction.

As with copyright preemption, the Court need not decide definitively whether Long was improperly joined. Assuming Long was improperly joined, Johnson's removal based on diversity jurisdiction was untimely. A defendant must remove a civil action within thirty days of receipt of an initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b). TK filed its Original Petition on January 4, 2019, and Johnson removed the case on August 14, 2020, 589 days after it was filed and 582 days after he was served. Dkt. 3 ¶ 3; Dkt. 1-7 at 4. However, Johnson's Notice of Removal contends diversity jurisdiction was not apparent on the face of the Original Petition due to the improper joinder of Long, and, therefore, asserts that 28 U.S.C. § 1446(b)(3) applies. Under § 1446(b)(3), if the case stated by the initial pleading was not removable, Johnson had thirty days from receipt of "an amended pleading, motion, order, or other paper from which it may first be ascertainable that the case is one which is or has become removable[]" to file his Notice of Removal.

Johnson argues it first became ascertainable the case could be removed based on diversity jurisdiction on July 15, 2020 when he learned at mediation that Long is an employee of TK and then discovered Long had failed to file an answer in response to the Original Petition and TK had not pursued a default judgment. Dkt. 1 ¶¶ 3, 5. Johnson further alleges that he received "other papers" reflecting Long's status as an improperly joined defendant for the first time on July 22, 2020 when he "downloaded [TK's] website and saw [Long's] status as an employee of [TK]." *Id*. ¶ 8. According to Johnson, these facts establish that July 15, 2020 was the earliest date on which he was able to ascertain Long "was not a 'real' Defendant" and had been improperly joined to defeat diversity jurisdiction. *Id*.

9

Assuming without deciding that the alleged improper joinder and the existence of diversity jurisdiction were not ascertainable to Johnson before July 15, 2020, Johnson's removal under § 1446(b)(3) was untimely.  28 U.S.C. § 1446(c)(1) precludes removal under § 1446(b)(3), on the basis of diversity jurisdiction if the removal occurs more than one year after the commencement of the action.  Johnson's Notice of Removal was filed 589 days after the commencement of the action in state court, well beyond the one-year time period for removal set forth in § 1446(c)(1). The only exception to this one-year bar requires the federal court to find TK acted in bad faith in order to prevent Johnson from removing the action.  *See* 28 U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.").

### 2. Johnson has failed to demonstrate TK acted in bad faith to prevent removal.

Johnson contends TK acted in bad faith and in order to prevent him from removing the case within one year of his receipt of the initial petition. Dkt. 1 ¶ 10.  Before 2011, § 1446(c)(1) did not contain the bad faith exception to the one-year bar, but courts allowed exceptions by applying an equitable tolling principle set forth in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003).  Since the 2011 amendment to § 1446(c)(1), the Fifth Circuit no longer applies the equitable tolling standard set forth in *Tedford.  See Hoyt v. Lane Constr. Co.*, 927 F. 3d 287, 293 (5th Cir. 2019).  While no clear standard for determining bad faith in the § 1446(c)(1) context has been set forth, courts in the Fifth Circuit focus the inquiry on what motivated the plaintiff in the past and whether the plaintiff's litigation conduct was meant to prevent removal.  *Barra v. Rayborn Trucking*, Civil Action No. 19-13235, 2019 WL 6838611, at *4 (E.D. La. Dec. 16, 2019) (citing *Hoyt v. Lane Construction Co.*, 927 F.3d at 293).

10

As the removing party it is Johnson's burden to show TK acted in bad faith. *See Solaija Enterprises, LLC v. Amguard Ins. Co.*, Civil Action No. H-19-0929, 2019 WL 2329832, at *1 (S.D. Tex. May 31, 2019) (citations omitted). "In general, a determination of bad faith is subject to a high burden, and courts are reluctant to find a party acted in bad faith without 'clear and convincing proof.'" *Boney v. Lowe's Home Centers, LLC*, Case No. 3:19-CV-1211-S, 2019 WL 5579206, at *2 (N.D. Tex. Oct. 29, 2019). In support of his allegations of TK's bad faith, Johnson states:

> [TK's] actions in suing [Long] and them making him an employee, while refusing to pursue default judgment or take other action within one (1) year, and then abandoning that claim by the time of mediation, demonstrates 'bad faith' on the part of [TK] which prevented [Johnson] from filing a removal based on diversity within one (1) year of the initial receipt of [TK's] petition in this case.

Dkt. 1 ¶ 10. Essentially, Johnson alleges TK acted in bad faith by improperly joining Long as a party and that he did not become aware of the improper joinder until he learned on the day of mediation that Long was employed by TK. Johnson has not identified any conduct by TK that prevented Johnson from discovering the improper joinder earlier. Johnson has cited no authority for the proposition that improper joinder, without more, equals bad faith under § 1446(c). At least one court in this circuit has stated that improper joinder differs from bad faith even though both doctrines are designed to prevent gamesmanship in diversity cases: "The 'bad faith' exception under § 1446 governs the timing of removal. By contrast, 'fraudulent joinder' [—or, in the Fifth Circuit, improper joinder—] is a court-created doctrine that pertains to a federal court's subject matter jurisdiction to hear a case in the first place." *Rantz v. Shield Coat, Inc.*, Civil Action No. 17-3338, 2017 WL 3188415, at *6 (E.D. La. July 26, 2017) (quotations omitted). Johnson has not shown that improper joinder of Long governed the timing of his removal. Johnson was free to allege improper joinder and remove on diversity grounds at any time within one year of the suit

being filed. Johnson knew about the Personal Services Agreement between Long and TK because it is mentioned in the Petition as an agreement for which TK seeks a declaration of the parties' rights to use, sell, lease, license, transfer, convey and market the items at issue Johnson is accused of misappropriating. Dkt. 1-2 ¶ 14. Johnson has not shown any conduct by TK that prevented him from alleging improper joinder and removing the case within one year of its inception.[6]

Further, TK's conduct as described by Johnson[7] does not rise to the level of "clearly egregious" facts that courts in this circuit consider indicative of bad faith. *See Bennett v. United Rentals (N. Am.), Inc.*, Civil Action No. 3:19-cv-00270, 2019 WL 5293544, at *5 (S.D. Tex. Oct. 18, 2019) (collecting cases and explaining that courts have found bad faith in the face of "clearly egregious" facts). For example, courts have allowed removal beyond the one-year bar where the plaintiff has engaged in "suspicious" timing by non-suiting a non-diverse defendant shortly after the one-year deadline passed or amending her complaint to add a non-diverse defendant immediately after learning that the defendant intended to remove the case. *Hoyt v. Lane Constr. Co.*, 927 F.3d at 293; *Tedford v. Warner-Lambert Co.*, 327 F.3d at 425; *Bennett v. United Rentals (N. Am.), Inc.*, 2019 WL 5293544, at *5. Courts have also allowed removal beyond the one-year bar based on the bad faith exception where the plaintiff dismissed a suit once it was removed and then refiled a nearly identical suit with the addition of a non-diverse defendant. *Shriver v. Spiritcom, Inc.*, 167 F. Supp. 2d 962, 963-64 (S.D. Tex. 2001). Simply put, "[t]his is not a case where a plaintiff names a non-diverse resident defendant, never serves that defendant, and

---

[6] Moreover, as explained in the prior section, the case was most likely removable from the date of filing due to the existence of claims preempted by the Copyright Act.

[7] Johnson has not shown that TK has "abandoned" the declaratory judgment action against Long which seeks a declaration construing three contracts, two of which appear to include Long as a party. The "abandonment" allegations appear to based on the fact that TK told Johnson Long would not participate in mediation because he is at TK employee.

dismisses that defendant as soon as the one-year limitation in § 1446(c) expires." *See Solaija Enterprises LLC v. Amguard Ins. Co.*, 2019 WL 2329832, at *2. The Court finds Johnson has failed to meet his burden of establishing TK acted in bad faith to prevent removal of this case. Therefore, in accordance with § 1446(c), Johnson failed to timely remove this case based on diversity jurisdiction. Because Johnson's removal of the case was untimely, whether removal was based on federal question or diversity jurisdiction, the case must be remanded.

### III. CONCLUSION

For these reasons, the Court **RECOMMENDS** that TK's Motion to Remand be **GRANTED** and that this case be remanded to the 278th Judicial District Court in Madison County, Texas. The Clerk of Court shall send copies of the Memorandum and Recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 2, 2020 at Houston, Texas.

_____
Christina A. Bryan
United States Magistrate Judge